**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY NOBILE,<br><br>Plaintiff,<br><br>- against -<br><br>PARK HILL OWNERS, INC., GEM PROPERTY GROUP, LLC, and TRUMA FOUNDATION,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jerry Nobile ("Plaintiff" or "Mr. Nobile"), by and through his attorneys, Cleary Gottlieb Steen & Hamilton LLP and Mobilization for Justice, Inc., alleges as follows:

## PRELIMINARY STATEMENT

1. This case seeks redress for Defendants' discrimination based on disability.

2. Mr. Nobile is a rent-stabilized tenant with disabilities. He experiences severe mobility impairment and primarily ambulates using a wheelchair. It is painful for him to stand and walk due to the loss of cartilage in his knees and hips, and he requires periodic aid from an oxygen machine. A home attendant assists Mr. Nobile for 42 hours each week.

3. From the moment that Mr. Nobile moved into his apartment building, decades ago, he has requested a parking spot in the building's large, attached garage. For decades, he was either ignored or told to wait, while other residents obtained parking before him.

4. As his health and ability to walk deteriorated, he again requested a space in the garage as a reasonable accommodation for his disability. Defendants, however, continued to ignore him.

5. Defendants' willful failure to address Mr. Nobile's request prevents him from the full use and enjoyment of his apartment and the building in the same manner as his neighbors who

do not have disabilities.

6. Defendants' actions and omissions have caused Mr. Nobile financial and emotional harm.

7. Defendants' behavior constitutes unlawful discrimination under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA") and the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL," and, together with the FHA, the "Fair Housing Laws").

8. Thus, through this action, Mr. Nobile seeks declaratory, injunctive, compensatory, and punitive relief to remedy Defendants' discriminatory behavior. He also seeks an award of attorney's fees given that he has been forced to retain counsel and commence this action to vindicate his rights.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action seeks redress for violations of Plaintiff's rights under the FHA, a federal statute.

10. The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367 because they are based on the identical set of transactions and occurrences that give rise to Plaintiff's FHA claim, such that they form part of the same case or controversy under Article III of the Constitution.

11. Venue properly lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, Defendants conduct business in this district, and the rental property at issue is situated in this district.

**PARTIES**

12. Plaintiff Jerry Nobile is a 63-year-old man who resides at Apartment 6V (the "Apartment") in the building located at 42-45 Kissena Blvd., Flushing, NY, 11355 (the "Building").

13. Plaintiff is a person with a handicap and/or a disability as those terms are defined by the FHA and the NYCHRL.

14. Upon information and belief, Defendant Park Hill Owners, Inc. is a New York State domestic business corporation with offices at 25-32 168th St., LL4, Flushing, NY 11358.

15. Upon information and belief, Defendant Park Hill Owners, Inc. is the owner of the Building, which is organized as a cooperative.

16. Upon information and belief, Defendant Gem Property Group, LLC is a New York State domestic limited liability company with offices at 25-32 168th St., LL4, Flushing, NY 11358.

17. Upon information and belief, Defendant Gem Property Group, LLC provides management services for the Building and is the registered managing agent for the Building.

18. Upon information and belief, Defendant Truma Foundation is a New York State private foundation and/or registered nonprofit organization, with offices at 4611 12th Ave, Suite 1L, Brooklyn, NY 11219.

19. Upon information and belief, Defendant Truma Foundation is the sponsor of the cooperative conversion of the Building and/or is a shareholder of Defendant Park Hill Owners, Inc.

20. Upon information and belief, Defendant Truma Foundation is the holder of the shares appurtenant to the Apartment.

## STATEMENT OF FACTS

21. Mr. Nobile is the rent-stabilized tenant of record of the Apartment where he has resided since approximately 2000.

22. The Building comprises 144 cooperative apartment units.

23. Mr. Nobile rents from the owner of the shares appurtenant to the Apartment, Defendant Truma Foundation.

24. The Building is connected to a covered parking garage.

25. Upon information and belief, the parking garage has capacity for 96 cars.

26. Upon information and belief, Defendant Park Hill Owners, Inc. and Defendant Gem Property Group, LLC own and manage the parking garage as well as the other common elements of the Building.

27. Mr. Nobile does not have access to any parking space on the grounds of the Building.

28. Mr. Nobile first requested a parking spot shortly after he started residing at the Building.

29. From approximately 2000 until 2024, Mr. Nobile was told by agents of the Defendants that he was on the waitlist for a parking spot.

30. Around 2010, Mr. Nobile began to experience severe impairments of his mobility.

31. Mr. Nobile has multiple health conditions, including conditions that have negatively impacted his joints, to the point where the cartilage in his knees and hips has been degraded.

32. Mr. Nobile suffers severe pain when standing and walking due to the loss of cartilage.

33. Mr. Nobile's condition has worsened over time, and he is now dependent on a motorized wheelchair because he is unable to walk independently. He also requires periodic aid from an oxygen machine.

34. A home attendant assists Mr. Nobile for 42 hours each week.

35. Mr. Nobile's disability is readily apparent to any on-site staff of the Building because he uses a wheelchair.

36. Mr. Nobile has discussed his disability-based need for a parking spot with agents of the Defendants.

37. In or around 2024, Mr. Nobile was told by agents of the Defendants that he was not eligible for a parking spot because he is not the owner of the shares appurtenant to the Apartment.

38. In 2024 and then again in 2026, Mr. Nobile, through counsel, sent a letter to all of the Defendants and formally requested a parking space as a reasonable accommodation under the Fair Housing Laws.

39. Mr. Nobile also requested that Defendants comply with the NYCHRL by, at a minimum, engaging in a cooperative dialogue regarding his disability-based needs.

40. None of the Defendants responded to the letters.

41. At no point did any of the Defendants offer any reasonable accommodation to Mr. Nobile.

42. The Defendants have not engaged in any discussion with Mr. Nobile or his attorneys about potential accommodations for Mr. Nobile's disability.

43. Upon information and belief, Defendant Truma Foundation has not consulted with Defendant Park Hill Owners, Inc. or Defendant Gem Property Group, LLC regarding Mr. Nobile's reasonable accommodation request.

44. Mr. Nobile, therefore, remains unable to use and enjoy his home in the same manner as other residents who do not have mobility impairments.

45. Without access to a parking spot in the garage, Mr. Nobile must park blocks away from the Building and move his vehicle twice a week. This is incredibly burdensome for him, and it is sometimes impossible.

46. Thus, with exceptions for necessary medical appointments and other essential needs, Mr. Nobile is largely relegated to his home and his immediate neighborhood because accessing his vehicle is too difficult.

47. When adverse weather conditions occur, such as snowfall, Mr. Nobile cannot traverse the blocks to his car. Thus, poor weather effectively makes Mr. Nobile a prisoner in his own home.

48. Mr. Nobile has even missed some medical appointments because Defendants have not provided him with a parking space.

49. Mr. Nobile has suffered significant psychological harm as a result of Defendants' refusal to engage in good faith with his requested accommodation, denying him access to accessible parking.

50. Mr. Nobile has been diagnosed with depression, and the challenges he has faced in connection with the lack of a parking space have exacerbated his mental health challenges.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF THE FHA
**(Failure to Provide a Reasonable Accommodation)**

51. Mr. Nobile repeats and realleges the above paragraphs as though set forth fully and at length herein.

52. The FHA requires "reasonable accommodations in rules, policies, practices, or services," provided "such accommodations may be necessary to afford [a handicapped person] equal opportunity to use and enjoy" the premises. 42 U.S.C. § 3604(f)(3)(B).

53. Defendants are subject to the FHA because the Building and Apartment, which they own and/or manage, are dwellings for which no exemption under 42 U.S.C. § 3603(b) is available.

54. Mr. Nobile is a residential tenant of the Building and Apartment.

55. Mr. Nobile is an individual with a handicap, as that term is defined by the FHA.

56. Mr. Nobile has requested a reasonable accommodation in the form of an accessible parking spot to allow him to fully access and enjoy his home.

57. Defendants have violated the FHA by rejecting Mr. Nobile's request for a reasonable accommodation.

58. As a result of Defendants' refusal to accommodate Mr. Nobile, he has been deprived of the opportunity to fully enjoy his home and has been injured in the exact way that the FHA was intended to prevent and remedy.

59. Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

60. Because Defendants have violated the FHA and caused injury to Plaintiff, Plaintiff is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

61. Mr. Nobile is further entitled to injunctive relief in the form of an order directing Defendants to permit the requested accommodation.

**SECOND CAUSE OF ACTION: VIOLATION OF THE NYCHRL**
**(Failure to Provide a Reasonable Accommodation)**

62. Mr. Nobile repeats and realleges the above paragraphs as though set forth fully and at length herein.

63. The New York City Council passed the NYCHRL "to eliminate and prevent discrimination from playing any role in actions relating to employment, public accommodations, and housing and other real estate." NYC Admin. Code § 8-101.

64. Defendants are subject to the NYCHRL because the Building and the Apartment, which they own and/or manage, are housing accommodations for which no exemption under NYC Admin. Code § 8-107(5)(a)(4) applies.

65. The NYCHRL prohibits discrimination against people with disabilities in the terms, conditions or privileges of the sale, rental or lease of housing accommodations. NYC Admin. Code § 8-107(5)(a)(1).

66. The NYCHRL requires covered entities, like Defendants, to make reasonable accommodations "to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." NYC Admin. Code § 8-107(15)(a).

67. Pursuant to the NYCHRL, an accommodation is deemed reasonable unless a defendant can prove that its nature and cost would create an undue hardship. NYC Admin. Code § 8-102.

68. Mr. Nobile is a person with disabilities as defined by the NYCHRL.

69. Mr. Nobile is a residential tenant of the Building and the Apartment.

70. Mr. Nobile has repeatedly requested that Defendants provide a reasonable accommodation in the form of a parking spot for the Building that would allow him to freely access and enjoy his home.

71. Defendants refused to make those reasonable accommodations.

72. Defendants have violated the NYCHRL by failing to make the requested reasonable accommodation.

73. Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

74. Because Defendants have violated the NYCHRL in a way that has injured Mr. Nobile, he is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

75. Mr. Nobile is further entitled to injunctive relief in the form of an order directing Defendants to provide the requested reasonable accommodations.

**THIRD CAUSE OF ACTION: VIOLATION OF THE NYCHRL**
**(Failure to Engage in a Cooperative Dialogue)**

76. Mr. Nobile repeats and realleges the above paragraphs as though set forth fully and at length herein.

77. The NYCHRL makes it unlawful for covered entities to "fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation." NYC Admin. Code § 8-107(28)(c).

78. The NYCHRL defines cooperative dialogue as "the process by which a covered entity and a person entitled to an accommodation, or who may be entitled to an accommodation under the law, engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation

needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." NYC Admin. Code § 8-102.

79. Mr. Nobile is a person with disabilities as defined by the NYCHRL.

80. As a result of his disabilities, Mr. Nobile is entitled, or may be entitled, to a reasonable accommodation under the law.

81. Mr. Nobile has requested that Defendants provide a reasonable accommodation in the form of the provision of a parking space on the premises that would allow him to freely access and enjoy his home.

82. Defendants did not respond at all to Mr. Nobile's request for an accommodation.

83. As a result, Defendants failed to engage in any "written or oral dialogue concerning" Mr. Nobile's needs. NYC Admin. Code § 8-102.

84. Defendants have violated the NYCHRL in a way that has injured Mr. Nobile. Under the NYCHRL, he is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

85. Mr. Nobile is further entitled to injunctive relief in the form of an order directing Defendants to provide an appropriate reasonable accommodation.

## JURY DEMAND

86. Plaintiff demands a trial by jury.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

a. Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.*;

b. Ordering Defendants to provide Plaintiff a parking spot located on the premises of the Building located at 42-45 Kissena Blvd., Flushing, New York 11355;

c. Awarding Plaintiff compensatory, consequential, emotional-distress, and punitive damages for the emotional, mental, physical, and financial harm he has suffered due to Defendants' discriminatory conduct;

d. Awarding Plaintiff reasonable attorney's fees, costs and expenses incurred in prosecuting this action; and

e. Ordering such other further relief as this Court deems just and proper.

Dated: September 4, 2026
New York, New York

Respectfully Submitted,

*<u>/s/ Elizabeth Vicens</u>*
Elizabeth Vicens
Andrew Darcy
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
212 225 3354
evicens@cgsh.com
adarcy@cgsh.com

Matthew Longobardi
Of counsel to Tiffany Liston, Esq.
Mobilization for Justice, Inc.
100 William Street, 6th Floor
New York, New York 10038
(212) 417-3892
mlongobardi@mfjlegal.org

*Attorneys for Plaintiff*